# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**STEVEN CAUDLE**

|  |  |  |
|---|---|---|
| Plaintiff, | Case No. | CD |

v.                                                      Hon.

**HARD DRIVE EXPRESS, INC.**

Defendant.

_____/

**MILLER COHEN, P.L.C.**
Keith Flynn (P74192)
Judy A. Champa (P57489)
*Attorneys for Plaintiff*
600 W. Lafayette 4th Floor
Detroit, Michigan 48226
(313) 964-4454

_____/

There is no other pending or resolved
civil action arising out of the same transaction
or occurrence as alleged in the complaint.

## COMPLAINT AND JURY DEMAND

**NOW COME** Plaintiff, by and through his attorneys, MILLER COHEN, P.L.C., and for

their Complaint against Defendant, he states as follows:

## INTRODUCTION

1. Plaintiff was discharged for threatening to report his employer to a state agency and/or the
Department of Labor for numerous wage and hour violations.

2. The violations include numerous instances of failure to pay wages under the Fair Labor

Standards Act (FLSA), 29 U.S.C. § 201 et seq., or reimburse employees for money spent out of their own pockets on Defendant-owned vehicle repairs, among other things.

3.   Plaintiff complained directly to Defendant repeatedly, on numerous occasions, of all of the wage and hour violations he believed Defendant was committing.

4.   On about February 15, 2019, Plaintiff specifically stated in a text message to the Defendant's owner, Jim Betz, that he was on his way to the "labor board" to report these violations.

5.   Defendant immediately responded by terminating Plaintiff, via text message, specifically for threatening him with labor charges.

6.   Plaintiff has filed this complaint seeking relief under section 215(a)(3) of the FLSA as well as under the Michigan Whistleblower Protection Act (WPA), MCL §15.361 et seq., including back-pay, front-pay, emotional damages, punitive damages, attorney fees, and interest for being wrongfully terminated for just doing the right thing and asserting his rights.

## PARTIES

7.   Plaintiff, Steven Caudle, was employed by Defendant as truck driver beginning on August 24, 2015.  Plaintiff is a resident of Steven City, Virginia, and worked in at various locations throughout the country during all relevant times in this action.

8.   Defendant is a trucking company doing business in the City of Rockwood, in the County of Wayne and in the State of Michigan.

## JURISDICTION

9.   For the federal causes of action, jurisdiction is appropriate in this court in accordance with 28 U.S.C. § 1331.

10. For the state causes of action, supplemental jurisdiction is appropriate under 28 U.S.C. §

1367.

11. Venue is appropriate in this Court in that Defendant is located in the Eastern District, and all events in controversy took place in the Eastern District.

12. Venue and jurisdiction are further appropriate in this Court because Defendant has held out to Plaintiff that all employment dispute matters involving Defendant fall under the jurisdiction of the State of Michigan.

## GENERAL ALLEGATIONS

13. Plaintiff incorporates by reference all preceding paragraphs.

14. Defendant operates a trucking business where Plaintiff was employed since August 24, 2015 as a truck driver.

15. During his employment, Plaintiff was required on numerous occasions to make his own repairs to Defendant Vehicles, either by paying for the repairs out of his own pocket or by making the repairs himself. Plaintiff was not paid anything – not even minimum wage – for the time he spent repairing the vehicle or waiting for the vehicle to be repaired.

16. Plaintiff was at times required to drive over 100 miles or more to obtain parts, and was not paid anything – not even minimum wage - for his travel time or his mileage.

17. Defendant also illegally reduced Plaintiff's hourly wage rate from $20.00 per hour to $15.00 per hour, without Plaintiff's permission, in order to cover the cost of Defendant's obligation to pay into its Worker's Compensation Fund.

17. Plaintiff raised these concern to Defendant's owner, Jim Betz, throughout his employment.

18. On February 15, 2019, Plaintiff engaged in a text message conversation with Defendant's owner, Jim Betz, about his numerous pay-related issues. During this conversation, Plaintiff stated

3

that he was on his way at that moment to the labor board to file a charge over the wage-related issues.

19. In response, Betz stated to Plaintiff, via text, that Plaintiff was threatening him.  Defendant then terminated Plaintiff because he was about to report a violation to the State of Michigan and/or the Department of Labor.

## COUNT I

## RETALIATION UNDER THE FAIR LABOR STANDARDS ACT

20. Plaintiff incorporates by reference all preceding paragraphs.

21. Section 215(a)(3) of the Fair Labor Standards Act (FLSA) provides that "it shall be unlawful for any person ... to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act...." 29 U.S.C. § 215(a)(3).

22. Plaintiff engaged in protected activity by asserting his rights under the Fair Labor Standards Act on numerous occasions to Defendant's Owner, Jim Betz.

23. Plaintiff further engaged in protected activity by threatening to go to the "labor board" to enforce his rights to his unpaid wages.

24. Defendant knew about Plaintiff exercising his rights based on numerous verbal conversations with Defendant's owner, as well as text messages with Defendant's owner including those exchanged on February 15, 2019.

25. Defendant terminated Plaintiff immediately after Plaintiff threatened to go to the "labor board" regarding his pay issues, and because Betz viewed Plaintiff's statement to go to the "labor board" as a threat.

4

**WHEREFORE** Plaintiff requests that this Honorable Court to grant him all available compensatory damages, for economic injury, extreme mental and emotional distress, humiliation, outrage, economic damages, loss of employment opportunity, harm to reputation, loss of earning capacity, punitive damages, and other legal and equitable damages; grant Plaintiff's reasonable attorney's fees and costs incurred in this litigation; and grant all such further relief available under the Fair Labor Standards Act and any other such relief as would be fair and equitable under the circumstances.

## COUNT II

### VIOLATION OF MICHIGAN'S WHISTLEBLOWER PROTECTION ACT

26. Plaintiff incorporates by reference all preceding paragraphs.

27. Plaintiff suspected a violation of law, regulation or rule, promulgated by the state and federal governments, when he threatened to reported the Defendant's unscrupulous conduct in violating the rights of its employees under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq.

28. Defendant discharged Plaintiff directly because he was about to report these suspected violations of law to the State Department of Licensing and Regulatory Affairs Wage and Hour Division, and/or to the Department of Labor, which are public bodies as defined under the Whistleblowers Protection Act.

29. Defendant had objective notice of Plaintiff's attempt to report the suspected violations to the appropriate federal and/or State Agency by Plaintiff's statement that he was on his way to the "labor board" regarding his pay issues.

5

**WHEREFORE** Plaintiff requests that this Honorable Court to grant him all available compensatory damages, for economic injury, extreme mental and emotional distress, humiliation, outrage, economic damages, loss of employment opportunity, harm to reputation, loss of earning capacity, and other damages; grant Plaintiff's reasonable attorney's fees and costs incurred in this litigation; and grant all such further relief available under Michigan's Whistleblower Protection Act and any other such relief as would be fair and equitable under the circumstances.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests that this Honorable Court order Defendant to grant him all available compensatory damages for economic injury, extreme mental and emotional distress, humiliation, outrage, economic damages, loss of employment opportunity, harm to reputation, loss of earning capacity, punitive damages, and other damages; grant Plaintiff's reasonable attorney's fees and costs incurred in this litigation; and grant all such further relief available and any other such relief as would be fair and equitable under the circumstances.

Respectfully submitted,

**MILLER COHEN PLC**

/s/ Keith Flynn
Keith Flynn (P74192)
Judy A. Champa (P57489)
*Attorneys for Plaintiffs*
600 W. Lafayette Blvd., 4th Floor
Detroit, Michigan 48226
(313) 964-4454
kflynn@millercohen.com
jchampa@millercohen.com

Dated: May 16, 2019

6

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**STEVEN CAUDLE**

                        Plaintiff,                     Case No.                CD

v.                                                      Hon.

**HARD DRIVE EXPRESS, INC.**

                        Defendant.
_____/

**MILLER COHEN, P.L.C.**
Keith Flynn (P74192)
Judy A. Champa (P57489)
*Attorneys for Plaintiff*
600 W. Lafayette 4th Floor
Detroit, Michigan  48226
(313) 964-4454
_____/


## <u>DEMAND FOR TRIAL BY JURY</u>

   **NOW COMES** Plaintiff, **STEVEN CAUDLE**, by and through his attorneys, **MILLER**

**COHEN, P.L.C.**, and hereby demand for a trial by jury, for all issues so triable.

                             Respectfully submitted,

                             **MILLER COHEN PLC**

                             /s/ Keith Flynn
                             Keith Flynn (P74192)
                             Judy A. Champa (P57489)
                             *Attorneys for Plaintiffs*
                             600 W. Lafayette Blvd., 4th Floor
                             Detroit, Michigan 48226
                             (313) 964-4454
Dated: May 16, 2019          kflynn@millercohen.com
                             jchampa@millercohen.com