UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **STEPHEN CAUDLE,**<br><br>Plaintiff,<br><br>vs.<br><br>**HARD DRIVE EXPRESS, INC., et al.,**<br><br>Defendants. | **2:19-CV-11445-TGB-MKM**<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>**(ECF NO. 49)** |

This matter is before the Court on Plaintiff Stephen Caudle's motion for reconsideration. ECF No. 49. Caudle asks this Court to amend or alter its February 24, 2022 Order and Judgment granting Defendants' motion for summary judgment (ECF Nos. 47, 48). Alternatively, Caudle seeks relief from the judgment based on the Court's alleged mistake of fact. As detailed below, Caudle's motion for reconsideration is **DENIED**.

## I.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 59(e) permits a party to move to alter or amend a judgment within 28 days after the entry of judgment. The Court "may grant a Rule 59(e) motion to alter or amend judgment only if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent

1

manifest injustice." *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir. 2006) (internal quotations omitted).

"A motion under Rule 59(e) is not an opportunity to re-argue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). Relatedly, Rule 59(e) cannot be used to raise new arguments. *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007).

Rule 60(b)(1) permits relief from a final judgment or order based on "mistake, inadvertence, surprise, or excusable neglect." Specifically, "[a] claim of strictly legal error falls in the category of 'mistake' under Rule 60(b)(1)." *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989). A party may also invoke Rule 60(b)(1) "when the judge has made a substantive mistake of . . . fact in the final judgment or order." *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002). But to obtain relief under Rule 60(b)(1), the party must show that "the Court has reached a clearly erroneous conclusion of fact or law." *Williams v. Curtin*, No. 13-14636, 2019 WL 4164761, at *4 (E.D. Mich. Sept. 3, 2019) (citing *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 364 (6th Cir. 2001)).

## II.   DISCUSSION

Caudle has failed to identify any valid reason for amending or altering this Court's judgment under Rule 59(e) or Rule 60(b)(1). First, in arguing for reconsideration, Caudle focuses heavily on using deposition testimony from Defendant James Betz, Caudle's former employer, to

demonstrate that Betz "knew Mr. Caudle was going to the government to report suspected violations of [the Fair Labor Standards Act ("FLSA")]." ECF No. 49. PageID.1501. But at summary judgment, Caudle failed to substantively argue for such a theory of circumstantial evidence of his employer's knowledge. While Caudle attached the text messages between him and Betz and Betz's deposition transcript to his summary judgment response, Caudle did not explain the purported significance of Betz's testimony. Importantly, neither Rule 59 nor Rule 60 were intended "to give plaintiffs a second chance to argue facts that could have been or were argued at the time of the original judgment." *Strong v. United States*, 192 F.R.D. 566, 568 (E.D. Mich. 2000).

Second, even setting aside that Caudle improperly seeks to use the present motion as a vehicle to raise new legal arguments, Caudle has not demonstrated how Betz's deposition testimony makes the Court's prior decision clearly erroneous. As Caudle points out, Defendants' notice of his protected activity may be proven by circumstantial evidence. But the circumstantial evidence of notice must demonstrate that the employer's "knowledge [of protected activity] was the ***only explanation*** for an employer's action." *Evans v. Pro. Transp., Inc.*, 614 F. App'x 297, 301 (6th Cir. 2015) (emphasis added). Moreover, the Supreme Court has made clear that the objective clarity of the complaint is central to whether an employer can be considered on notice of an employee's protected activity. *Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 14 (2011)

3

(holding that "a complaint must be sufficiently clear and detailed for a reasonable employer to understand it" as asserting FLSA-protected rights to satisfy a prima facie case of retaliation).

In reviewing the full context of text messages between Caudle and Betz, the Court concluded that in February 2019, "Caudle's complaint immediately prior to being terminated related only to his entitlement to vacation pay, a fringe benefit not protected under the FLSA." ECF No. 47, PageID.1482. Although Betz said that he "assume[d]" Caudle was going report unpaid expenses protected by the FLSA when confronted with the text messages at his deposition, Defendants contend that this retrospective admission "is not probative of what [Betz] knew or assumed at the time" of Caudle's termination. ECF No. 54, PageID.1561. Indeed, during his deposition, Betz also noted that the text messages did not mention the "out-of-pocket expenses" covered by the FLSA. ECF No. 49, PageID.1502.

Furthermore, immediately before instructing Caudle to "park the [truck]" (indicating Caudle's termination), Betz referred only to the fact that he disagreed with Caudle's position on Betz's paid time off policy. ECF No. 49-2, PageID.1513; ECF No. 47, PageID.1480–81. Therefore, the circumstantial evidence of Betz's knowledge falls far short of demonstrating that Betz's notice of Caudle's protected activity was the "only explanation" for his decision to terminate Caudle. *See Rogers v. Webstaurant Store, Inc.*, 774 F. App'x 278, 281 (6th Cir. 2019) (dismissing

FLSA claim because "no required inference can save [the plaintiff's] lawsuit from . . . lack of clarity" in her purported "complaints"); *Nevill v. MidMichigan Visiting Nurse Ass'n*, No. 17-12527, 2019 WL 4891190, at *8 (E.D. Mich. Aug. 14, 2019) (summarizing that even where a plaintiff subjectively intended to complain of an FLSA violation, she must provide "fair notice to Defendant that its compliance with this statute was being called into question").

Lastly, for related reasons, Caudle is not entitled to Rule 59 or Rule 60 relief with respect to his Michigan Whistleblowers' Protection Act ("WPA") claim. In evaluating whether Caudle engaged in protected activity under the WPA, the Court concluded "that at the point in which Betz fired Caudle, Caudle's threat [to report Betz's allegedly illegal conduct] related to receiving unpaid wages for vacation pay," which is not protected by Michigan law. ECF No. 47, PageID.1486. Having now reaffirmed that such a finding was not clearly erroneous, the Court similarly concludes that its decision granting summary judgment to Defendants because Caudle did not engage in protected activity for WPA purposes is not clearly erroneous.

## III. CONCLUSION

Plaintiff's arguments do not satisfy the rigorous standards for relief under Rule 59(e) or Rule 60(b). Plaintiff's motion for reconsideration (ECF No. 49) is **DENIED**.

**IT IS SO ORDERED.**

Dated: January 19, 2023    s/Terrence G. Berg
                           TERRENCE G. BERG
                           UNITED STATES DISTRICT JUDGE